UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LISA RICHARDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:12 CV 106 |
| | ) |
| CHECK SYSTEMS RECOVERY, LLC, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

### I.   BACKGROUND

On March 12, 2012, plaintiff Lisa Richardson filed suit against defendant Check Systems Recovery, LLC, for alleged violations of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*[1] (DE # 1.) A summons returned executed by plaintiff indicates that defendant was served March 20, 2012. (DE # 5.) As a result, defendant had until April 10, 2012, to file a responsive pleading. *See* FED. R. CIV. P. 12(a)(1)(A)(I) (requiring defendant to serve answer within 21 days after being served with summons and complaint). To date, defendant has not filed any responsive pleading or otherwise appeared in this case. At plaintiff's request, the clerk of court entered defendant's default on May 29, 2012. (DE # 7.) Plaintiff filed this motion for default judgment on July 20, 2012 (DE # 8), to which defendant has not responded. Plaintiff seeks statutory damages, attorneys' fees and costs, and actual damages for emotional distress.

---

[1] Plaintiff also sued under the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693, *et seq.*, but appears to have abandoned that claim as it is excluded entirely from the motion for default judgment.

## II. LEGAL STANDARD

The court may enter default judgment against a party against whom affirmative relief is sought when it fails to plead or otherwise defend. FED. R. CIV. P. 55(b)(2). The decision to enter a default judgment lies within the discretion of the district court. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1993). If the court determines that the defendant is in default, all well-pleaded allegations of the complaint, except those relating to the amount of damages, will be taken as true. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). The court may hold a hearing or conduct an investigation to determine the amount of damages, FED. R. CIV. P. 55(b)(2), however, no investigation is needed if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983).

## III. FACTS

Based on defendant's default, the court takes the allegations in the complaint as true. On an unknown date in October of 2011, defendant telephoned plaintiff in an attempt to collect a $507.57 debt. The debt originated with Fast Cash Personal Loans, but was later transferred to defendant. Plaintiff told defendant she did not have funds to pay the amount in full, but could set up a payment arrangement. Defendant informed plaintiff that if she did not pay the debt, it was going to "file a case against" her.

2

On another unknown date in October, but sometime prior to October 11, plaintiff's doorbell rang. Plaintiff did not answer the door. Plaintiff called defendant and asked defendant if it had sent a process server to her door. Plaintiff claims that defendant falsely responded that it had done so. Plaintiff contends that this representation was false because no lawsuit had actually been filed against her.

Plaintiff then told defendant that she wished to pay the debt through a payment agreement. Defendant claimed that it would allow her to pay the debt in four payments on October 11, October 24, November 21, and December 19, 2011. Plaintiff gave defendant her bank account information and orally authorized the payments. Defendant told plaintiff that this arrangement was fine and would satisfy her debt.

Defendant successfully transferred all of the funds from plaintiff's account on the four predetermined dates. Defendant did not provide plaintiff with written notification of its intent to debit the payments from her account before effectuating the withdrawals, nor had defendant obtained plaintiff's written authorization before doing so. Defendant has not provided any notice to plaintiff that her debt has been paid in full, as it promised to do.

## IV.     LEGAL CONCLUSIONS

Defendant's act of falsely informing plaintiff that it had sent a process server to her house, even though no lawsuit had been filed, was a "false representation of . . . the character, amount, or legal status of any debt," 15 U.S.C. § 1962e(2)(A), a "false representation or deceptive means to collect or attempt to collect any debt," *id.* § 1962e(10), and an "unfair or unconscionable means to collect or attempt to collect any debt," *id.* § 1692f.

However, the court disagrees with plaintiff that defendant violated 15 U.S.C. § 1692e(5). Section 1692e(5) prohibits a collector from making threats to take action that it cannot legally take or that is not intended to be taken. Plaintiff's Section 1692e(5) claim is presumably based on defendant's threat to sue her. However, plaintiff does not allege facts suggesting that defendant legally could not sue her or did not intend to sue her.

The court also disagrees with plaintiff that defendant's act of accepting plaintiff's oral authorizations to debit money from her account, and then debiting the money from her account without written notification, violated 15 U.S.C. § 1692f(2). That section prohibits "[t]he acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit." 15 U.S.C. § 1692(f)(2). It is quite clear in this case that plaintiff drafted no checks, postdated or otherwise. Plaintiff appears to consider an oral authorization for a future electronic transfer as analogous to a postdated check, but plaintiff provides no legal authority for such a conclusion and the court could not locate any authority in its own research. Accordingly, the court rejects plaintiff's contention that a violation of 15 U.S.C. § 1692f(2) occurred in this case.

V.     **DAMAGES & FEES**

A court may award an aggrieved FDCPA plaintiff "statutory" damages, not to exceed $1,000. 15 U.S.C. § 1692k(a)(2)(A). The court should consider "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional." *Id.* § 1692(b)(1).

4

Defendant's act of misleading plaintiff regarding whether a lawsuit had been filed against her was a single incident. In cases involving single, technical violations, an award of $500 has been deemed appropriate. *See, e.g., Dona v. Midland Credit Mgmt., Inc.,* No. CV 10–0825, 2011 WL 941204, at *3 (E.D.N.Y. Feb. 10, 2011) (awarding $500 in statutory damages for single violation on a default judgment; defendant left a message on the plaintiff's answering machine without indicating that the call was from a debt collector for the purposes of collecting a debt); *Nero v. Law Office of Sam Streeter, P.L.L.C.,* 655 F. Supp. 2d 200, 210 (E.D.N.Y. 2009) (awarding $500 in statutory damages on a default judgment; defendant failed to inform the plaintiff that she was required to request validation of the debt in writing to preserve her rights).

However, the nature of defendant's violation was not technical; rather it appeared to be an overt act of deception, and not an accidental one. Non-technical violations have been found to justify awards of $1,000, the maximum permitted under the statute, though such cases often include repeated violations. *See, e.g., Crass v. Marval & Assocs. LLC,* No. 10C0058, 2010 WL 2104174, at *1 (E.D. Wis. 2010) (awarding $1,000 in statutory damages on default judgment; defendant contacted plaintiff multiple times at work concerning a debt that had already been waived and discharged by original creditor and called plaintiff's son leaving messages including language such as "investigation unit," suggesting that criminal charges had been filed). Given the fact that the violation in this case consisted of a single incident, but was overtly deceptive and non-technical in nature, the court finds that an award of $750 in statutory damages is appropriate.

A debt collector who violates the FDCPA is also liable for actual damages sustained. 15 U.S.C. § 1692k(a)(1). FDCPA actual damages encompass damages for emotional distress. *Minnifield v. Johnson & Freedman, LLC,* 448 Fed. Appx. 914, 917 (11th Cir. 2011); *Johnson v. Eaton,* 80 F.3d 148, 152 (5th Cir. 1996); *Ford v. Consigned Debts & Collections, Inc.,* No. 09–3102, 2010 WL 5392643, at *5 (D.N.J. Dec. 21, 2010) (collecting cases). However, in this case, plaintiff's request for damages for emotional harm is rejected because plaintiff fails to provide a reasonably detailed explanation of the emotional injuries suffered. *See Denius v. Dunlap,* 330 F.3d 919, 929 (7th Cir. 2003) ("bare allegations . . . are not sufficient to establish injury unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action"); *Crass,* 2010 WL 2104174, at *1 (denying request for damages for emotional harm under FDCPA for same reason). Plaintiff's conclusory allegations that she has "suffered mental anguish and emotional distress" and that defendant "caused me a lot of stress" (DE # 8-1 at 6, Pl.'s Aff. ¶ 61) are insufficient to establish plaintiff's emotional distress. *Crass,* 2010 WL 2104174, at *1. Plaintiff does not present evidence establishing such damages (such as the report of a treating physician), and defendant's conduct is not so inherently degrading as to support an inference of emotional distress.

Finally, plaintiff requests attorneys' fees and costs as part of this default judgment. A successful FDCPA plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In this case, plaintiff's counsel has submitted detailed billing statements establishing

6

reasonable attorneys' fees in the amount of $2,912.00. Plaintiff's counsel has also demonstrated that they expended $415.00 on filing the complaint and serving the summons. Accordingly, the court awards plaintiff $3,327.00 in attorneys' fees and costs.

## VI.     CONCLUSION

For the foregoing reasons, plaintiff's motion for default judgment is **GRANTED.** (DE # 8.) The Clerk is directed to **ENTER FINAL JUDGMENT** in this case stating:

> Final judgment is entered in favor of plaintiff Lisa Richardson and against defendant Check Systems Recovery, LLC, in the amount of $4,077.00.

**SO ORDERED.**

Date: December 5, 2012

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT